TotteN, J.,
delivered the opinion of the court.
Petition for divorce. The petition states that the parties were married in 1849, and continued together until April, 1850, when the defendant, “ without mvy just or fM'obáble cause,” abandoned the home of defendant; has continued since to absent herself from his bed and board, and refused to return and live with him, for reasons wholly unknown to the plaintiff. The petition was heard upon an order pro oonfesso and proof. Two witnesses prove that defendant abandoned the house of the plaintiff more than two years before the petition was filed, but remained and resided in his vicinity; that they were acquainted with the parties before the separation; were often at their house, and did not know or hear of any *592 unkind treatment by tbe busband to tbe wife. His honor, tbe circuit judge, dismissed tbe petition, and tbe plaintiff appeals to this court.
1. By tbe Act of 1835, cb. 26, § 1, a cause of divorce a vinculo, is, tbe “ wilful and malicious desertion or absence by tbe busband or wife, without a reasonable cause, for tbe space of two years.”
It is insisted that tbe present case comes within this provision. We do not think that it does, either in its averments or proof. Tire cause for divorce must be well averred in tbe petition. We do not say in tbe very words of tbe statute, but in words fully equal and definite in their meaning. If this be not done, tbe proof becomes irrelevant and useless, and no decree for divorce can be made.
Tbe cause declared by the statute is, a wilful and malicious desertion, or a wilful and malicious absence; and it is added, without reasonable cause. Tbe language is strong and definite, and states a precise case intended to be made a cause for divorce. It implies a wilful and obstinate desertion, not only without any reasonable cause, but for ccmse of malice. Tbe word malice, in this connection, is not used to signify a wicked and perverse disposition in a general sense, but tbe actual state and disposition of mind at tbe time of tbe desertion and continued absence. Or, in legal phrase, it signifies not malice m 1cm, but malice m fact • 2 Stark Ev., 905.
Now, in this sense, tbe malice implies enmity of heart, or unprovoked malignity toward tbe person deserted; and there being no other cause, this state of mind is tbe cause of tbe act done. Tbe law intends that in such case, of causeless and irreconcilable hatred, a i'e-union of tbe parties is neither possible nor desirable; and that it *593 is but just, that the injured party bo released from the unhappy connexion.
Now, in the present case, the averment is, that the desertion was “without any just or probable cause;” that is, it states negatively, that there was no cause for the desertion. But we have seen that that is not a ground for divorce; for, it must also appear, and of course, must be averred, that the desertion or absence was for cause of malice. This must be the motive which induced the desertion, and it is to be inferred, from all the facts and circumstances in the case.
2. But if the petition were perfect, and stated a sufficient cause for divorce, we do not think that any such cause appears in the proof. It is evident that it is imperfect, and does not exhibit the whole case. The facts and circumstances which attended the separation, and followed it, are not stated or alluded to. It merely appears, that the separation occurred, and that it continued for more than two years. It is true, the witnesses say they were not aware of any unkindness or mal-treatment on the part of the husband toward the wife; but this is merely a negative statement, from which no material inference can be drawn.
It is said in the petition that she refused to return; but it does not appear that he desired her to return, or in any manner endeavored to procure a reconciliation and re-union. Prom anything that appears, he may himself be at fault. If the separation' occurred from some temporary cause or disagreement, which may be removed or reconciled by a proper exertion, and it does not appear but that such may be the present case, it is clear that that is no ground of divorce; for it is a duty which the parties owe to themselves, their children and society, *594 to be reconciled, and to live together. The public cannot consent to their separation, except for the grave cause stated in a former part of this opinion; and that must be made fully to appear in the proof.
Let the judgment be affirmed.